**BUCHALTER**
A Professional Corporation
PAUL FRAIDENBURGH (SBN: 280354)
MATTHEW DRENAN (SBN: 302477)
BRIAN SHAW (SBN: 311613)
18400 Von Karman Avenue, Suite 800
Irvine, CA 92612-0514
Telephone: 949.760.1121
Fax: 949.720.0182
Email: pfraidenburgh@buchalter.com
Email: mdrenan@buchalter.com
Email: bshaw@buchalter.com

Attorneys for Plaintiff
VIZIO, INC.

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIZIO, INC.,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>DEDICATED LOGISTICS, LLC AND DOES 1-10, INCLUSIVE,<br><br>　　　　　Defendant. | Case No. 8:23-cv-519<br><br>**COMPLAINT FOR:**<br><br>**(1) VIOLATION OF CALIFORNIA PENAL CODE § 496(a);**<br>**(2) CONVERSION;**<br>**(3) BREACH OF CONTRACT;**<br>**(4) BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**(5) NEGLIGENT SUPERVISION, HIRING, AND RETENTION;**<br>**(6) FRAUD;**<br>**(7) NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS;**<br>**(8) INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC RELATIONS; AND**<br>**(9) IN THE ALTERNATIVE, VIOLATION OF THE CARMACK AMENDMENT TO THE INTERSTATE COMMERCE ACT, 49 U.S.C. § 14706**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff VIZIO, Inc. ("Vizio") complains and alleges against defendant Dedicated Logistics, LLC[1] ("Dedicated Logistics") as follows:

## NATURE OF ACTION

1. This is an action for violation of California Penal Code section 496(a); conversion; breach of contract; breach of the implied covenant of good faith and fair dealing; negligent supervision, hiring, and retention; fraud; negligent interference with prospective economic relations; intentional interference with prospective economic relations; and, in the alternative, violation of the Carmack Amendment to the Interstate Commerce Act, 49 U.S.C. section 14706. Specifically, Dedicated Logistics stole Vizio's product on no fewer than 33 separate occasions during transport from a warehouse to various retail distribution centers or hubs. Vizio seeks damages, attorneys' fees, costs, treble damage, punitive and exemplary damage, and pre-judgment and post-judgment interest. The basis for this Court's jurisdiction is 28 U.S.C. section 1332(a).

## THE PARTIES

2. At all times relevant hereto, Vizio was and is a corporation incorporated in California with its principal place of business in Irvine, California.

3. At all times relevant hereto, up to and including October 30, 2021, Dedicated Logistics, Inc. was a corporation incorporated in Minnesota with its principal place of business in Oakdale, Minnesota. On or around October 30, 2021, Dedicated Logistics, Inc. converted to Dedicated Logistics, LLC. On information and belief, Dedicated Logistics, LLC's sole member is Steve Magruder, who is a resident of and domiciled in Minnesota.

4. Vizio does not currently know the true names and capacities of the defendants sued herein as DOES 1 through 10, inclusive, and therefore sues these

---

[1] Effective October 30, 2021, Dedicated Logistics, Inc. converted to Dedicated Logistics, LLC. Under Minnesota law, "[a]n organization that has been converted . . . is for all purposes the same entity that existed before the conversion." Minn.Stat. § 302A.691, subd. 1; *see, e.g.*, *Delamater v. Anytime Fitness, Inc.*, 722 F. Supp. 2d 1168, 1176 (E.D. Cal. 2010) (observing "under Minnesota law, Anytime Fitness LLC is deemed to be the same entity as Anytime Fitness, Inc. . . . .").

defendants by fictitious names in conformance with Local Rule 19-1. Vizio will amend this complaint to state the true names and capacities of the fictitiously named defendants when those names are ascertained. Vizio is informed and believes and thereon alleges that each of the fictitiously named defendants was legally responsible in some manner for the events and damages alleged in the complaint.

5.  As to all claims alleged herein, each defendant was the agent and employee of each of the other defendants.

## JURISDICTION AND VENUE

6.  The jurisdiction of the Court is founded on diversity of citizenship pursuant to 28 U.S.C. 1332(a): Vizio is a citizen of California for purposes of diversity jurisdiction; Dedicated Logistics is a citizen of Minnesota for purposes of diversity jurisdiction because, on information and belief, its sole member, Steve Magruder, is a citizen of Minnesota. Additionally, Vizio's damages exceed $75,000.00, exclusive of interest and costs.

7.  Venue is proper in the Central District of California pursuant to 28 U.S.C. 1391(b)(2) because the events giving rise to the claim occurred in the Central District of California—specifically, Orange County and Los Angeles County.

8.  The Court has personal jurisdiction over Dedicated Logistics and DOES 1-10 because they (1) are present, doing business, or residing in the Central District, (2) committed tortious acts and violated Vizio's rights in the Central District (namely, Orange County and Los Angeles County), and (3) knew or should have known that such conduct would cause injury to Vizio in the State of California.

## GENERAL ALLEGATIONS

9.  Vizio is a consumer electronics company that offers televisions, soundbars, and home entertainment accessories to consumers as well as content on its SmartCast platform. Vizio's products are available for purchase at various retail stores.

10. Vizio engaged the services of Dedicated Logistics to transport Vizio's

product (for example, televisions and sound bars) from a warehouse in Los Angeles County to other locations in California. Each trip between the warehouse and the trip destinations was entirely intrastate; that is, each originated and terminated in California.

11. During each trip, Dedicated Logistics received Vizio's product at a warehouse and delivered it to the above-referenced destinations.

12. A bill of lading was issued for each transfer and it identified, among other things, the "ship from" and "ship to" addresses, the carrier name (here, Dedicated Logistics), the number of packages, weight, and commodity descriptions.

13. At all times relevant hereto, Vizio owned the product transported by Dedicated Logistics.

14. Starting on or around January 28, 2021, and continuing through December 21, 2022, Dedicated Logistics stole $2,426,805.07 worth of product from Vizio over the course of 33 trips from the warehouse to various retail distribution centers or hubs within California. Specifically, Dedicated Logistics received Vizio's product from the warehouse (to be delivered to various retail distribution centers or hubs); however, before the product was delivered to the various retail distribution centers or hubs, Dedicated Logistics stole a significant portion of each of the 33 deliveries.

15. Of significance, Dedicated Logistics fraudulently modified the relevant bills of lading to reflect a lower quantity of product than what was originally received at the warehouse. Dedicated Logistics modified the bills of lading to conceal its thefts from Vizio.

16. Additionally, Dedicated Logistics also modified the relevant electronic records related to each delivery to reflect lower quantities than that received at the warehouse in a further attempt to conceal its thefts of Vizio's product.

17. As of the date of this submission, Vizio is aware of at least $2,426,805.07 worth of product that was stolen by Dedicated Logistics when it

transported Vizio's product from a California warehouse to various retail distribution centers or hubs within California.

### **DEDICATED LOGISTICS' EMPLOYMENT OF DRIVERS**

18. At all relevant times hereto, Dedicated Logistics, at the direction of its officers, directors, or managing agents, exercised significant control over its drivers.

19. On information and belief, Dedicated Logistics advised its drivers of the pickup and drop-off locations.

20. On information and belief, Dedicated Logistics' drivers are subject to its control while performing delivery services.

21. On information and belief, Dedicated Logistics retains the right to direct and does indeed direct how the work of its drivers shall be done as well as the result to be accomplished.

22. Dedicated Logistics retains and exercises the right to control all aspects of its drivers' work, including, but not limited to: (1) timing of deliveries; (2) location of deliveries; (3) freight to be transported; (4) the right to set prices for transportation without driver input; (5) the right to modify charges to its customers; (6) the right to control various aspects of the manner and means by which drivers complete their deliveries, and (7) the right to require drivers to use only specific types of trucks.

23. At all relevant times, Dedicated Logistics' drivers were acting in the scope of their employment (namely, transporting product from the warehouse to destinations in California) when they stole $2,426,805.07 worth of product from Vizio. Indeed, Dedicated Logistics' drivers' repeated thefts were an outgrowth of the transportation services provided to Vizio.

### **FIRST CAUSE OF ACTION**
(Violation of Penal Code section 496(a))
(Against Dedicated Logistics and DOES 1-10)

24. Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 23, inclusive, as though set forth fully

herein.

25.  Vizio is informed and believes and thereon alleges that Dedicated Logistics diverted Vizio's product to itself, to its employees, or to others, as further set forth above, in an amount of at least $2,426,805.07. Dedicated Logistics concealed, withheld, and aided in concealing and withholding Vizio's product when it stole Vizio's product and fraudulently modified the bills of lading and related electronic records to reflect lower quantities of product transported. Dedicated Logistics' modifications of the bills of lading and related electronic records concealed thefts from at least 33 deliveries.

26.  Dedicated Logistics knowingly stole, concealed, withheld, or aided in stealing, concealing, or withholding, product that belongs to Vizio and, thus, is guilty of one or more violations of California Penal Code section 496(a).

27.  Vizio has been injured as a direct and proximate cause of Dedicated Logistics' violations of California Penal Code section 496(a) in an amount of at least $2,426,805.07. Further, Vizio continues to be injured by Dedicated Logistics' failure and refusal to return Vizio's product.

28.  Dedicated Logistics' actions in violation of California Penal Code section 496(a) entitle Vizio to bring this action and recover three times the amount of actual damages sustained by Vizio, in addition to costs of suit and reasonable attorneys' fees. *See* Cal. Penal Code § 496(c).

## SECOND CAUSE OF ACTION

**(Conversion)**

(Against Dedicated Logistics and DOES 1-10)

29.  Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 28, inclusive, as though set forth fully herein.

30.  At all times relevant herein, Vizio was, and still is, the owner of the product that was stolen by Dedicated Logistics, in an amount of not less than

1  $2,426,805.07.

2  31.  Dedicated Logistics stole Vizio's product, in an amount of not less than $2,426,805.07, during scheduled transports from the warehouse to other California destinations.

32.  Vizio did not permit or allow Dedicated Logistics to steal its product.

33.  Vizio has been injured as a direct and proximate cause of Dedicated Logistics' conversion in an amount of at least $2,426,805.07 (the value of the converted product).

## THIRD CAUSE OF ACTION

### (Breach of Contract)

(Against Dedicated Logistics and DOES 1-10)

34.  Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 33, inclusive, as though set forth fully herein.

35.  Dedicated Logistics entered into written agreements with Vizio on the following dates: January 28, 2021; March 10, 2021; April 19, 2021; April 22, 2021; April 27, 2021; May 3, 2021; May 10, 2021; May 12, 2021; May 17, 2021; July 12, 2021; July 22, 2021; August 31, 2021; September 14, 2021; September 20, 2021; October 21, 2021; November 3, 2021 (two); November 8, 2021 (two); November 15, 2021; November 16, 2021; November 30, 2021; December 14, 2021; December 22, 2021; January 18, 2022; February 2, 2022; March 10, 2022; March 22, 2022; March 29, 2022 (three); April 12, 2022; and December 21, 2022.

36.  Each written agreement was identified as a "Non-Negotiable Bill of Lading."

37.  Pursuant to each agreement, Dedicated Logistics agreed, among other things, to transport Vizio's product from the warehouse to destinations in California.

38.  Pursuant to each agreement, Dedicated Logistics agreed to transport specific quantities of Vizio's product from the warehouse to destinations in

California.

39. Pursuant to each agreement, Dedicated Logistics agreed to transport Vizio's product to destinations in California within a specified "delivery window."

40. Within each agreement, Dedicated Logistics is specifically identified as the "Carrier."

41. Dedicated Logistics breached each agreement in several ways, including, but not limited to: (a) failing to transport Vizio's product from the warehouse to the agreed upon destinations in California; (b) failing to transport the specific quantities identified in each agreement; (c) failing to deliver the specific quantities within the "delivery window[s]"; and (4) stealing Vizio's product in transit from the warehouse to the destinations in California.

42. Dedicated Logistics' breaches of the above-referenced agreements have caused damage, and are continuing to cause damage, to Vizio and were a substantial factor in causing financial, reputational, economic, and non-economic harm to Vizio.

43. Vizio is entitled to a monetary award of damages to be determined at trial, including interest accruing at the legal rate.

## FOURTH CAUSE OF ACTION

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

(Against Dedicated Logistics and DOES 1-10)

44. Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 43, inclusive, as though set forth fully herein.

45. California law dictates that every contract contains an implied covenant of good faith and fair dealing, which requires the parties to the contract to refrain from acts or omissions that may foreseeably and unfairly deprive a party of the benefits of the bargain.

46. Vizio and Dedicated Logistics had in effect, at all relevant times, 33 agreements related to the transport of Vizio's product by Dedicated Logistics.

47.     The implied covenant of good faith and fair dealing required Dedicated Logistics to perform the terms and conditions of each agreement fairly and in good faith and to refrain from doing any act that would deprive Vizio of the benefits of the agreements.

48.     Vizio performed all of the conditions, covenants, and promises required of Vizio to be performed under the terms of the agreements, except those conditions, covenants, and promises that Vizio was excused from performing due to Dedicated Logistics' breaches.

49.     Dedicated Logistics unfairly interfered with Vizio's right to the benefits of the agreements and, thus, breached the implied covenant of good faith and fair dealing under the agreements by, among other things: (1) stealing Vizio's product that was the subject of each agreement; (2) failing to return Vizio's property; and (3) fraudulently modifying the bills of lading and relevant electronic records in an attempt to conceal Dedicated Logistics' thefts.

50.     As a direct and proximate cause of Dedicated Logistics' wrongful conduct, omissions, and overall breaches of the implied covenant of good faith and fair dealing, Vizio has suffered, and continues to suffer, damages in an amount to be determined according to proof at trial, and in no case less than $2,426,805.07.

51.     As a result of Dedicated Logistics' breaches, Vizio has suffered and is continuing to suffer immediate and irreparable injury in that Dedicated Logistics' conduct is causing reputational harm to Vizio, including damaging Vizio's goodwill, above and beyond the substantial monetary damages Dedicated Logistics' breaches have inflicted.

## FIFTH CAUSE OF ACTION

**(Negligent Supervision, Hiring, and Retention)**

(Against Dedicated Logistics and DOES 1-10)

52.     Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 51, inclusive, as though set forth fully

1 herein.

2 53. At all times relevant hereto, Dedicated Logistics knew or should have known that its drivers were capable of stealing Vizio's product.

54. Dedicated Logistics owed a duty to Vizio to use reasonable care in the hiring, training, and supervision of its drivers.

55. Dedicated Logistics breached its duty of care in the hiring, retention, training, and supervision of its drivers, who were unfit to be a provider of transportation services to Vizio and were inadequately trained or supervised. Dedicated Logistics knew or should have known that its drivers had stolen product prior to and during the effective dates of the above-referenced agreements. On information and belief, Dedicated Logistics knew or should have known that its drivers committed prior criminal acts, including theft, at the time they were hired and continuing through their retention and supervision.

56. As a direct and proximate cause of Dedicated Logistics' breach of its duty to use reasonable care in the hiring, training, and supervision of its drivers, Vizio sustained substantial monetary damages in an amount no less than $2,426,805.07.

## SIXTH CAUSE OF ACTION

**(Fraud)**

(Against Dedicated Logistics and DOES 1-10)

57. Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 56, inclusive, as though set forth fully herein.

58. Dedicated Logistics made fraudulent misrepresentations to Vizio on the following dates: January 28, 2021; March 10, 2021; April 19, 2021; April 22, 2021; April 27, 2021; May 3, 2021; May 10, 2021; May 12, 2021; May 17, 2021; July 12, 2021; July 22, 2021; August 31, 2021; September 14, 2021; September 20, 2021; October 21, 2021; November 3, 2021 (two); November 8, 2021 (two); November 15, 2021; November 16, 2021; November 30, 2021; December 14, 2021; December 22,

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

COMPLAINT
BN 75850075v1

2021; January 18, 2022; February 2, 2022; March 10, 2022; March 22, 2022; March 29, 2022 (three); April 12, 2022; and December 21, 2022.

59. More specifically, Dedicated Logistics fraudulently modified each of the above-referenced bills of lading to reflect a lower quantity than what was actually scheduled to be transported. On information and belief, Dedicated Logistics lowered the quantity of product transported for each of the above-referenced bills of lading and stole the difference in product from Vizio.

60. Dedicated Logistics also modified the electronic records related to each of the above-referenced transports to reflect the same lowered quantities.

61. Dedicated Logistics represented to Vizio that these representations were true, but they were false. Dedicated Logistics knew that these representations were false when it made them. Dedicated Logistics made these false representations to Vizio with the intent to deceive Vizio and with the intent that Vizio would rely on them. At the time these representations were made, Vizio was ignorant of the falsity of Dedicated Logistics' representations and believed them to be true.

62. Dedicated Logistics is likely to have greater knowledge of the facts surrounding its fraud since it attempted to conceal its misrepresentations to Vizio.

63. Vizio reasonably relied on these representations in that it believed that each bill of lading was accurate. Had Vizio known the truth behind Dedicated Logistics' misrepresentations, it could have and would have taken swift measures to protect Vizio from harm. Vizio was harmed as a result thereof. Vizio's reliance on Dedicated Logistics' representations was reasonable in that Vizio had no reason to question the above-referenced representations.

64. Vizio has been damaged in an amount to be proved at trial, together with interest thereon at the legal rate.

65. Dedicated Logistics' acts of fraudulently modifying bills of lading (and related electronic records) were willful, wanton, malicious, and oppressive in that they laid the groundwork for Dedicated Logistics to commit criminal acts (namely,

theft) against Vizio. Dedicated Logistics' acts justify an award of punitive and exemplary damages, in an amount to be determined at trial, to punish and serve as an example to deter others from such conduct.

## SEVENTH CAUSE OF ACTION

**(Negligent Interference with Prospective Economic Relations)**

(Against Dedicated Logistics and DOES 1-10)

66. Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 65, inclusive, as though set forth fully herein.

67. Vizio and various retailers were in economic relationships related to the sale of televisions and home entertainment accessories. These economic relationships would have resulted in future economic benefit to Vizio through additional sales and increased revenue.

68. Dedicated Logistics knew or should have known of Vizio's economic relationships with various retailers because it transported product from the warehouse to the retailers' distribution centers or hubs.

69. Dedicated Logistics knew or should have known that these economic relationships would be disrupted if Dedicated Logistics stole product from Vizio and delivered less product to the various retail distribution centers or hubs.

70. Dedicated Logistics failed to act with reasonable care when it (1) stole product from Vizio and (2) failed to hire, train, or supervise its drivers to prevent them from stealing product from Vizio.

71. Dedicated Logistics engaged in wrongful conduct through its theft of approximately $2,426,805.07 worth of Vizio's product that was to be delivered to the various retail distribution centers or hubs.

72. Vizio's relationships with the various retailers were disrupted when Dedicated Logistics failed to provide complete deliveries of product.

73. Vizio was harmed in that it provided less product to the retailers, which

decreased sales and revenue.

74. Dedicated Logistics' thefts were a substantial factor in causing Vizio's harm.

## EIGHTH CAUSE OF ACTION

**(Intentional Interference with Prospective Economic Relations)**

(Against Dedicated Logistics and DOES 1-10)

75. Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 74, inclusive, as though set forth fully herein.

76. Vizio and various retail stores (including Best Buy) were in economic relationships related to the sale of televisions and home entertainment accessories. These economic relationships would have resulted in future economic benefit to Vizio through additional sales and increased revenue.

77. Dedicated Logistics knew of Vizio's economic relationships with various retail stores because it transported product from the warehouse to the various retail distribution centers or hubs.

78. Dedicated Logistics engaged in wrongful conduct through its theft of approximately $2,426,805.07 worth of Vizio's product that was to be delivered to the various retail distribution centers or hubs.

79. Through its theft of approximately $2,426,805.07 worth of Vizio's product, Dedicated Logistics knew that disruption of Vizio's economic relationships with various retail stores was certain or substantially certain to occur because less product would be provided, which would decrease sales and revenue.

80. Vizio's relationship with the various retail stores was disrupted when Dedicated Logistics failed to provide complete deliveries of product.

81. Vizio was harmed in that it provided less product to the various retail stores, which decreased sales and revenue.

82. Dedicated Logistics' thefts were a substantial factor in causing Vizio's

harm.

## NINTH CAUSE OF ACTION

### (Violation of Carmack Amendment (49 U.S.C. § 14706))

### (Against Dedicated Logistics and DOES 1-10)

83. Vizio re-alleges and incorporates herein by reference each and every allegation set forth in Paragraphs 1 through 82, inclusive, as though set forth fully herein.

84. Pursuant to Rule 8(d)(2), Vizio hereby pleads in the alternative a violation of the Carmack Amendment (49 U.S.C. section 14706). Although Dedicated Logistics' above-referenced acts occurred entirely within California and each contract for transport involved the transportation of goods entirely within California (specifically, Orange County and Los Angeles County), if the Court were to find application of the Carmack Amendment, Vizio hereby pleads a violation in the alternative.

85. Vizio pleads in the alternative that it provided its product to Dedicated Logistics in good condition to be transported to their destinations.

86. Vizio pleads in the alternative that Dedicated Logistics failed to deliver Vizio's product to the agreed-upon destinations pursuant to the above-referenced bills of lading.

87. Vizio pleads in the alternative that it was harmed in an amount no less than $2,426,805.07 (the value of the product that was not delivered).

## PRAYER FOR RELIEF

**WHEREFORE**, Vizio prays for relief as follows:

1. For general damages in a sum of no less than $2,426,805.07;

2. For three times the amount of actual damages sustained by Vizio pursuant to California Penal Code section 496(c);

3. For punitive damages and exemplary damages in amounts to be determined according to proof;

BUCHALTER
A PROFESSIONAL CORPORATION
IRVINE

COMPLAINT
BN 75850075v1

    4.  For reasonable attorneys' fees pursuant to California Penal Code section 496(c);

    5.  For costs of suit pursuant to California Penal Code section 496(c); and

    6.  For pre-judgment and post-judgment interest.

DATED: March 22, 2023             **BUCHALTER**
                                  A Professional Corporation

                                  By:  */s/ Paul Fraidenburgh*
                                       PAUL FRAIDENBURGH
                                       MATTHEW DRENAN
                                       BRIAN SHAW
                                       Attorneys for Plaintiff
                                       VIZIO, INC.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) and Local Rule 38-1, Vizio hereby demands a jury trial as to each cause of action asserted in the Complaint.

DATED:  March 22, 2023

**BUCHALTER**
A Professional Corporation

By: */s/ Paul Fraidenburgh*
PAUL FRAIDENBURGH
MATTHEW DRENAN
BRIAN SHAW
Attorneys for Plaintiff
VIZIO, INC.